IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NORMAN MAYES,** | : | |
| Petitioner, | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 21-4780** |
| | : | |
| **MICHAEL ZAKEN,** *et al.,* | : | |
| Respondents. | : | |

**ORDER**

**AND NOW**, this 25th day of May, 2023, upon careful and independent consideration of Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) and after review of the Report and Recommendation of United States Magistrate Judge Pamella A. Carlos (hereinafter, the "R&R") (ECF No. 17) and Petitioner's Objection (ECF No. 18), **IT IS ORDERED** that:

1. The R&R (ECF No. 17) is **APPROVED** and **ADOPTED**.

2. Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED WITH PREJUDICE.** [1]

3. There is no basis for the issuance of a certificate of appealability.

4. The Clerk of Court shall mark this matter **CLOSED**.

**IT IS SO ORDERED.**

BY THE COURT:

*/s/ John Milton Younge*
**JUDGE JOHN MILTON YOUNGE**

---

[1] **FACTUAL BACKGROUND**:
The trial court stated the relevant facts as follows:

> On Mother's Day–Sunday May 9, 2010–at about 12:55 p.m., Kia Howell ("Howell") stood near 600 Green Street in the City and County of Philadelphia, discussing Mother's Day plans with her friends. Though there were about twelve women present, only Howell and her friends Tahira Alexander and Latisha Matthews leaned against [Petitioner's] automobile. Others present included Johnell Bell and Sukinah Dickerson. None of the women had guns. Some people on the street did

> have cell phones. As the women conversed, [Petitioner] approached them from behind, through an opening in a nearby fence, stopping about four feet from Howell. Howell and her friends recognized [Petitioner] as a [nearby] resident of apartment building "B." Appellant did "not care" for Howell. Shryon Thomas, a.k.a. "Butter," pulled around the corner in her car and exclaimed, "the man's coming and he's got a gun!" Appellant said angrily to Howell and her friends, "Bitches, get off my car. The women complied with [Petitioner's] command and moved away from the car, but [Petitioner] proceeded to argue with Howell; he went straight towards her, seemingly ignoring everyone else. Howell told [Petitioner] there was a better way he could phrase his request, to which [Petitioner] responded, "You better get off my fcar, [sic]" before yelling, "Bitch, I'mma [sic] shoot you." Though some people on the street began to run, Howell did not. Howell said to [Petitioner] either, "Damn, you gonna pull out a gun? You gonna shoot?" or "You got a gun for us?" [Petitioner], standing approximately two or three feet away from Howell, fired once, striking her in the chest. He walked away and got into his car but did not pull away immediately: it looked as though he was putting more bullets into his gun. Finally [Petitioner] fled in his vehicle as Johnell Bell [chased] him down the street, screaming for someone to call the police. ... At Hahnemann Hospital, Howell was taken straight into surgery as a level one trauma. She was in critical condition with gunshot wound to her right breast; she suffered a collapsed lung, and a fractured rib; the bullet had torn through her lung and diaphragm, lacerated her liver, and lodged between her eleventh and twelfth ribs.

*Commonwealth v. Mayes*, 2020 EDA 2013, 2014 WL 10917426, at *1 (Pa. Super. Ct. July 30, 2014) (quoting *Commonwealth v. Mayes*, No. CP-51-CR-0007097-2010, 2020 EDA 2013 (Pa. D. & C. October 23, 2013)) (internal citations omitted).

Later that same day, Petitioner was arrested and charged with a multitude of offenses, including attempted murder, aggravated assault, possession of firearms prohibited, firearms not to be carried without a license, carrying firearms in public in Philadelphia, and possession of an instrument of crime. *Mayes*, 2014 WL 10917426, at *2. Almost three years later, on April 10, 2013, Petitioner moved to dismiss his case alleging a violation of his speedy trial rights. (Petition for Writ of Habeas Corpus (hereinafter, "Petition"), p. 13, ECF No. 1.) The trial judge denied the motion, and Mr. Mayes proceeded to trial. *Id.* One week later, on April 17, 2013, the jury acquitted Petitioner on the attempted murder charge but convicted him on all other charges. (Petition, p. 4, ECF No. 1.) On June 21, 2013, Petitioner was sentenced to twenty-three-and-a-half to forty-seven years in prison, which the Superior Court affirmed on July 30, 2014. (Petition, pp. 4, 7, ECF No. 1.) The Pennsylvania Supreme Court denied Mr. Mayes' petition for allowance of appeal on February 24, 2015. *Commonwealth v. Mayes*, 110 A.3d.997 (Pa. 2015). Mr. Mayes did not seek relief under Pennsylvania's Post Conviction Relief Act (PCRA) and did not petition the Supreme Court of the United States for writ of certiorari. (Petition, p. 7, ECF No. 1.)

**PROCEDURAL HISTORY**:
Approximately two-and-a-half years after the Pennsylvania Supreme Court denied Mr. Mayes' petition for allowance of appeal, on October 27, 2017, Mr. Mayes' appellate counsel responded to his request to file a habeas petition by asserting that he no longer represented Mr. Mayes and thus would not do so. (Petition, Ex., p. 1, ECF No. 1-1.) In response to another inquiry by Mr. Mayes approximately three-and-a-half years later, on June 29, 2021, Mr. Mayes' appellate counsel stated once more that he did not represent Mr. Mayes and advised that the court would not appoint counsel to represent Mr. Mayes any further. (Petition, Ex., p. 2, ECF No. 1-1.)

Then, on October 1, 2021, Mr. Mayes petitioned *pro se* for a writ of habeas corpus. (Petition, p. 23, ECF No. 1.) Mr. Mayes raises two grounds for relief: (1) "Appeal counsel [provided] ineffective assistance . . .

[by] fail[ing] to raise the Rule 600 violation (speedy trial) on direct appeal"; and (2) "The Trial Court and the Commonwealth violated Petitioner's Fourteenth Amendment . . . due process rights when they failed to bring Petitioner to trial within 365 days pursuant to Rule 600." (Petition, p. 12, ECF No. 1.)  By order of this Court on December 8, 2021, the matter was referred to United States Magistrate Judge Scott W. Reid for Report and Recommendation (hereinafter, "R&R"). (First Order Referring Case, ¶ 1, ECF No. 3.)  On March 1, 2022, the case was reassigned to United States Magistrate Judge Pamela A. Carlos for Report and Recommendation. (Second Order Referring Case, ECF No. 8.)  On July 20, 2022, the Commonwealth responded, arguing that because Mr. Mayes filed his petition more than one year after his conviction became final, it must be dismissed as untimely. (Commonwealth's Response, pp. 1, 4, ECF No. 16.)  Mr. Mayes did not file a reply.  On December 27, 2022, Judge Carlos issued the R&R, concluding that Petitioner's petition for writ of habeas corpus relief should be denied because it is time-barred. (R&R, p. 1, ECF No. 17.)  Mr. Mayes moved to extend his time to file objections to the R&R. (Mot. for Extension of Time to File, p. 2, ECF No. 19.)  On May 2, 2023, this Court granted Petitioner's motion—establishing May 19, 2023 as the extended deadline for filing an objection to the R & R. (Order on Mot. for Extension of Time to File, ECF No. 20.)  Despite this Court granting Mr. Mayes an extension of time to object, Mr. Mayes never filed an objection.

**LEGAL STANDARD**:
Where a habeas petition has been referred to the magistrate judge for a report and recommendation, the district court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge…receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636 (b)(1)(C).  A district court may decline to review a magistrate judge's report and recommendation when neither party has filed a timely objection. *See Thomas v. Arn*, 474 U.S. 140, 150-53 (1985).  Nevertheless, the Third Circuit has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987), *writ denied* 484 U.S. 837 (1987).  When no timely objection is made within fourteen days after being served with the magistrate's report and recommendation, the district court need only review the report and recommendations for plain error or manifest injustice. *See Nara v.* Frank, 488 F.3d 187, 196 (3d Cir. 2007); *Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998)*; Cruz v. Chater,* 990 F. Supp. 375, 375-78 (M.D. Pa. 1998); Fed. R. Civ. P. 72, 1983 Advisory Committee Notes, Subdivision (b).  An error is "plain" if it is clear or obvious. *United States v. Olano*, 507 U.S. 725, 734 (1993).  When timely and specific objections are made, the district court reviews *de novo* those portions of the report and recommendation to which an objection is made.  28 U.S.C. § 636 (b)(1)(C); *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984).  Given that Petitioner has not filed an objection to the R&R, this Court will conduct a brief review of the dispositive legal issues for plain error or manifest injustice.

**DISCUSSION**:
Petitioner's petition for habeas corpus relief rests on two claims: (1) appellate counsel's legal assistance was ineffective because counsel failed to raise a Rule 600 violation for a denial of a speedy trial on direct appeal; and (2) Petitioner's Fourteenth Amendment due process rights were violated by the trial court and the Commonwealth because Petitioner's trial did not occur within 365 days, in violation of Rule 600. (Petition, p. 12, ECF No. 1.)  However, as Judge Carlos determined in the R&R, the dispositive issue here is whether Petitioner's claims are time-barred or, alternatively, whether Petitioner can establish an exception to the applicable statute of limitations. (R&R, p. 3, ECF No. 17.)

**The AEDPA Statute of Limitations**:
As the Third Circuit instructs, the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) "sets a statute of limitations period of one year to apply for a writ of habeas corpus challenging state court action." *Fahy v. Horn*, 240 F.3d 239, 243 (3d Cir. 2001) (referencing 28 U.S.C. § 2244(d)(1) and *Morris v. Horn*,

187 F.3d 333, 337 (3d Cir. 1999)). The Third Circuit also notes that "[t]he statute of limitations for federal habeas corpus petitions is subject to two tolling exceptions: (1) *statutory tolling* during the time a 'properly filed' application for state post-conviction review is pending in state court and (2) *equitable tolling*, a judicially crafted exception." *Merritt v. Blaine*, 326 F.3d 157, 161 (3d Cir. 2003) (emphasis added) (referencing *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999)). Additionally, the U.S. Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the [AEDPA's] statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). In this case, as Judge Carlos notes, "Mr. Mayes filed his habeas petition more than five years past the statutory deadline" of one year provided by the AEDPA, and thus his petition is untimely. (R&R, p. 3, ECF No. 17.) This Court will focus on Judge Carlos's determination that Petitioner failed to establish an exception to the applicable one-year statute of limitations through statutory tolling, equitable tolling, and a claim of actual innocence.

    A. **Statutory Tolling**

Under the AEDPA, the statute of limitations is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). As described above, Mr. Mayes' petition to the Supreme Court of Pennsylvania for allowance of appeal was denied on February 24, 2015, and Mr. Mayes neither sought relief under Pennsylvania's Post Conviction Relief Act (PCRA) nor petitioned the Supreme Court of the United States for writ of certiorari. (Petition, p. 7, ECF No. 1.) Mr. Mayes' judgment thus became final on May 25, 2015—*i.e.,* after accounting for the ninety days, pursuant to 28 U.S.C. §§ 1257, 2101(c), that Petitioner had to file a writ of certiorari with the U.S. Supreme Court following the Pennsylvania Supreme Court's denial—and his one-year AEDPA statutory limitation period closed on May 25, 2016. However, Mr. Mayes did not file his petition for habeas corpus relief until October 1, 2021—approximately five-and-a-half years later. (Petition, p. 23, ECF No. 1.) Taken together, Judge Carlos correctly concluded that statutory tolling is not a viable exception to Petitioner's untimely filing for habeas corpus relief.

    B. **Equitable Tolling**

As described above, equitable tolling is the second avenue by which Petitioner can cure his seemingly time-barred petition. As the U.S. Supreme Court notes, "[w]e have previously made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Fla.*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). As the Third Circuit instructs, "a statute of limitations should be tolled only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999) (quoting *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998)). Additionally, equitable tolling should "be used sparingly." *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 237 (3d Cir. 1999). Finally, in describing what constitutes an extraordinary circumstance that would warrant equitable tolling, the Third Circuit highlights three examples in particular: "(1) the defendant has actively misled the plaintiff, (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999) (quoting *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998)).

In this case, Petitioner has not shown that he has been pursuing his rights diligently. Petitioner blames his appellate counsel for the failure to file a timely petition for habeas corpus relief, writing in his petition that his counsel "did nothing" to pursue habeas corpus relief. (Petition, p. 24, ECF No. 1.). But Petitioner also waited to personally request that appellate counsel pursue habeas corpus relief, and received an October 27, 2017 letter from counsel asserting that counsel's "representation of you is now entirely at an end." (Petition, p. 1, ECF No. 1-1.) In response, Petitioner states that he "got tired of waiting on an answer" from appellate

counsel and thus wrote a second time to request that counsel pursue habeas corpus relief, but "two years and nine months" passed between the first and second requests. (Petition, p. 25, ECF No. 1.) As Judge Carlos suggested, Petitioner's two requests to appellate counsel over a five-and-a-half-year period are not sufficient to overcome the demanding standard for a showing of equitable tolling. (R&R, pp. 6-7, ECF No. 17.) Petitioner also fails to satisfy any of the three examples provided by the Third Circuit that would demonstrate an extraordinary circumstance that would warrant equitable tolling. Taken together, Judge Carlos rightfully determined that equitable tolling is not a viable exception to Petitioner's untimely filing for habeas corpus relief.

### C. Actual Innocence

Finally, a petitioner for habeas corpus relief may toll the statutory limitations period by establishing his actual innocence. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). If a petitioner seeks to prove actual innocence based on new reliable evidence, that evidence must be (1) new, (2) reliable, and (3)—as instructed by the U.S. Supreme Court and Third Circuit—"the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327; *Reeves v. Fayette SCI*, 897 F.3d 154, 160 (3d Cir. 2018), *as amended* (July 25, 2018). Furthermore, "mere impeachment evidence is generally not sufficient to satisfy the [actual innocence] standard." *Reeves*, 897 F.3d, at 161 (citing *Munchinski v. Wilson*, 694 F.3d 308, 338 (3d Cir. 2012)).

In this case, Petitioner's statement that "[t]he majority of all [trial] testimony is fabricated [and] or insufficient except for one statement, I did approached [sic] from a back gate with nothing in my hand but some trash" does not satisfy the three requirements for a showing of actual innocence based on new reliable evidence. (Petition, Ex., p. 3, ECF No. 1-1.) Judge Carlos correctly determined that Mr. Mayes provides no new reliable evidence that could support his actual innocence. (R&R, p. 6, ECF No. 17.) In other words, a reasonable jury may still have decided to convict Petitioner even after reading such a statement, particularly since Petitioner already asserted at trial that "[t]hese people [sic] was doing entirely too much not to be up to something shady past and present time of incident [sic]" and was nonetheless convicted of five charges. (Petition, Ex., p. 3, ECF No. 1-1; Petition, p. 4, ECF No. 1.)

**CONCLUSION**:

Upon review of Judge Carlos's time-barred analysis in her December 27, 2022 Report & Recommendation and this Court's failure to find plain error or manifest injustice within the R&R, this Court approves and adopts the R&R and dismisses with prejudice Petitioner's Petition for Writ of Habeas Corpus.